UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMORY DOMINGUEZ,<br><br>        Plaintiff,<br><br>v.<br><br>QUEEN VICTORIA MORGAN,<br><br>        Defendant. | CASE NO. 1:17-cv-01403-MJS (PC)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>(ECF NO. 1)<br><br>**AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS** |

      Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff's complaint (ECF No.1) is before the Court for screening.

**I.    Screening Requirement**

      The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court

determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.     Pleading Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiffs must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 677-78.

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). To state a claim under section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

Under section 1983 the Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard. Iqbal,

556 U.S. at 678; Moss, 572 F.3d at 969.

**III.     Plaintiff's Allegations**

Plaintiff is incarcerated at California Medical Facility in Vacaville, California. He appears to complain of acts that occurred at that institution and at "Correction Corcrin," which the Court interprets as a reference to California State Prison, Corcoran. Plaintiff names as Defendants (1) Queen Victoria Morgan, (2) Senior Sherry Goldberg, (3) Ice Immigration, and (4) Jose Fuentes Diaz, a master builder.

Plaintiff's factual allegations are brief, quite disjointed and essentially incomprehensible. They do contain brief references to access to counsel, access to courts, false imprisonment, freedom of religious practice, and excessive force issues, but the Court is unable even to discern therefrom what Plaintiff may intend to complain about or anticipate what relief he seeks.

**IV.     Analysis**

**A.     Request for Counsel**

It does seem that Plaintiff would like the Court to appoint counsel to represent him.

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1), Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). In certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. However, without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, though Plaintiff has failed to demonstrate an ability to articulate his claims, he has not presented sufficient information to enable the court to determine if he might conceivably have any potentially viable claims, much less evaluate the possibility he has any likelihood of succeeding on any of them. The Court does not find the existence of any exceptional circumstances to warrant appointment of counsel. Constitutional law violations are pursued by prisoners regularly and frequently without the assistance of counsel. Despite the inarticulate nature of Plaintiff's current pleading, all he needs do to have his case considered is outline for the court who did what that he feels violated one of his constitutional rights, when he did it, and how Plaintiff was injured as a result; a lawyer is not required to do that.

Plaintiff's request for counsel will therefore be denied without prejudice.

**B.     Rule 8**

Plaintiff's filing identifies no unconstitutional acts or omissions by any Defendant. He simply strings together thoughts and statements that have no identifiable relation to one another or to any Defendant.

Plaintiff's complaint will therefore be dismissed for violating Federal Rule of Civil Procedure 8(a) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing the pleader is entitled to relief [and] a demand for the relief sought.") Plaintiff will be given an opportunity to amend. Should he choose to amend, he must, at the very least, set out what it is he feels each Defendant did or failed to do, when, that violated his constitutional rights and caused him some harm; he must provide enough information to enable the Court to evaluate whether he may have a cognizable claim or claims.

The Court will, nevertheless, set out below the legal criteria for claims Plaintiff mentions in his present pleading may have intended to pursue based on the brief statements he has made.

### i.     First Amendment Free Exercise

"Inmates clearly retain protections afforded by the First Amendment, including its

directive that no law shall prohibit the free exercise of religion." O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987) (citations omitted). In order to establish a cause of action under the Free Exercise Clause, Plaintiff must show that a restriction substantially burdened the practice of his religion by preventing him from engaging in conduct which he sincerely believes is consistent with his faith. Shakur v. Schriro, 514 F.3d 878, 884-85 (9th Cir. 2008).

Additionally, Plaintiff must show that the restriction is not required to maintain institutional security and preserve internal order and discipline. See Pierce v. Cnty. of Orange, 526 F.3d 1190, 1209 (9th Cir. 2008). Restrictions on access to "religious opportunities" must be found reasonable in light of four factors: (1) whether there is a "valid, rational connection" between the regulation and a legitimate government interest put forward to justify it; (2) "whether there are alternative means of exercising the right" that remain open to Plaintiff; (3) whether accommodation of the asserted constitutional right would have a significant impact on staff and other detainees; and (4) whether ready alternatives are absent (bearing on the reasonableness of the regulation). Turner v. Safley, 482 U.S. 78, 89-90 (1987); see also Beard v. Banks, 548 U.S. 521 (2006); Mauro v. Arpaio, 188 F.3d 1054, 1058-59 (9th Cir. 1999) (en banc). Shakur v. Schriro, 514 F.3d 878, 884-85 (9th Cir. 2008). Prisoners are not required to "objectively show that a central tenet of [their] faith is burdened" in order to raise a viable free exercise claim. Id. at 884.

### ii. Access to Courts

Plaintiff has a constitutional right of access to the courts, and prison officials may not actively interfere with his right to litigate. Silva v. Di Vittorio, 658 F.3d 1090, 1101-02 (9th Cir. 2011). The right is limited to direct criminal appeals, habeas petitions, and civil rights actions. Lewis v. Casey, 518 U.S. 343, 354 (1996). Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 412-15 (2002). A plaintiff must show that he suffered an "actual injury" i.e., prejudice with

respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a non-frivolous claim. Lewis, 518 U.S. at 348-49. An "actual injury" is one that hinders the plaintiff's ability to pursue a legal claim. Id. at 351.

### iii. Excessive Force

The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 5 (1992) (citations omitted). For claims arising out of the use of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (per curiam) (citing Hudson, 503 U.S. at 7) (internal quotation marks omitted). Not "every malevolent touch by a prison guard gives rise to a federal cause of action." Hudson, 503 U.S. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Id. at 9-10 (internal quotation marks omitted); see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines *de minimis* uses of force, not *de minimis* injuries).

Although *de minimis* uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. Wilkins, 559 U.S. at 37-8 (citing Hudson, 503 U.S. at 9-10) (quotation marks omitted). In order to determine whether the forced used was sadistic and malicious, the Ninth Circuit has "identified five factors. . . '(1) the extent of injury suffered by an inmate; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any efforts made to temper the severity of a forceful response.'" Furnace v. Sullivan, 705 F.3d 1021, 1028-29 (9th Cir. 2013), quoting Martinez v. Stanford, 323 F.3d 1178, 1184 (9th Cir. 2003).

### iv. False Imprisonment

This Court may exercise jurisdiction over a state law claim pursuant to 28 U.S.C. § 1367(a), which states that in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III [of the Constitution]," except as provided in subsections (b) and (c). "[Once judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under § 1367(c) is discretionary." ACI v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966).

To state a tort claim against a public employee, a plaintiff must allege compliance with the Tort Claims Act. State v. Super. Ct. of Kings Cty. (Bodde), 90 P.3d 116, 124 (2004); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995); Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 627 (9th Cir. 1988). The Tort Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board ("the Board") no more than six months after the cause of action accrues. Cal. Govt. Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2009). Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. State v. Super. Ct., 90 P.3d at 124; Mangold, 67 F.3d at 1477. An action must be commenced within six months after the claim is acted upon or is deemed to be rejected. Cal. Govt. Code § 945.6; Moore v. Twomey, 16 Cal. Rptr. 3d 163 (Cal. Ct. App. 2004).

Under California law, false imprisonment is the "'unlawful violation of the personal liberty of another.'" Martinez v. City of Los Angeles, 141 F.3d 1373, 1379 (9th Cir. 1998) (quoting Asgari v. City of Los Angeles, 15 Cal. 4th 744, 757, 63 Cal. Rptr. 2d 842, 937 P.2d 273 (1997)). The elements of false imprisonment are: "(1) the nonconsensual, intentional confinement of a person, (2) without lawful privilege, and (3) for an

appreciable period of time, however brief." Easton v. Sutter Coast Hospital, 80 Cal. App. 4th 484, 496 (2000) (citation omitted).

    **C.    Heck**

Although unclear, Plaintiff may also be wishing to challenge his confinement.

The exclusive method for challenging the fact or duration of Plaintiff's confinement is by filing a petition for a writ of habeas corpus. Wilkinson v. Dotson, 544 U.S. 74, 78 (2005). See 28 U.S.C. § 2254(a). Such claims may not be brought in a section 1983 action. Nor may Plaintiff seek to invalidate the fact or duration of his confinement indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody. Wilkinson, 544 U.S. at 81. A section 1983 action is barred, no matter the relief sought, if success in that action would necessarily demonstrate the invalidity of confinement or its duration. Id. at 81-82; Heck v. Humphrey, 512 U.S. 477, 489 (1994) (unless and until favorable termination of the conviction or sentence, no cause of action under section 1983 exists).

To the extent Plaintiff's claims directly challenge his custody, he may not bring them in a section 1983 action until his conviction has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 487. He instead must pursue his claims in an action for a writ of habeas corpus.

**V.    Conclusion and Order**

Plaintiff's complaint does not state a cognizable claim for relief. The Court will grant Plaintiff an opportunity to file an amended complaint to cure noted defects. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff does not wish to amend, he may instead file a notice of voluntary dismissal, and the action then will be terminated by operation of law. Fed. R. Civ. P. 41(a)(1)(A)(i). Alternatively, Plaintiff may forego amendment and notify the Court that he wishes to stand on his complaint. See Edwards v. Marin Park, Inc., 356 F.3d 1058, 1064-65 (9th Cir. 2004) (plaintiff may elect to forego

amendment). If the last option is chosen, the undersigned will issue findings and recommendations to dismiss the complaint without leave to amend, Plaintiff will have an opportunity to object, and the matter will be decided by a District Judge. No further opportunity to amend will be given by the undersigned.

If Plaintiff chooses to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 556 U.S. at 677-78. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this screening order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed with leave to amend;

2. The Clerk's Office shall send Plaintiff a blank civil rights complaint form and

| | | |
|---|---|---|
| 1 | | a copy of his complaint, filed October 18, 2017; |
| 2 | 3. | Within thirty (30) days from the date of service of this order, Plaintiff must |
| 3 | | file either a first amended complaint curing the deficiencies identified by the |
| 4 | | Court in this order, a notice of voluntary dismissal, or a notice of election to |
| 5 | | stand on the complaint; and |
| 6 | 4. | If Plaintiff fails to comply with this order, the Court will recommend the |
| 7 | | action be dismissed, with prejudice, for failure to obey a court order and |
| 8 | | failure to state a claim, subject to the "three strikes" provision set forth in in |
| 9 | | 28 U.S.C. § 1915(g). |

IT IS SO ORDERED.

Dated:   November 21, 2017              /s/ *Michael J. Seng*
                                        UNITED STATES MAGISTRATE JUDGE